# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO LARA ANGUINAGA,<br>Petitioner,<br>v.<br>WARDEN, MESA VERDE DETENTION FACILITY, et al.,<br>Respondents. | Case No. 1:26-cv-04631-KES-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS AND DIRECT RESPONDENTS TO PROVIDE PETITIONER WITH A BOND HEARING BEFORE AN IMMIGRATION JUDGE |

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is a citizen of Mexico who was encountered by U.S. Immigration and Customs Enforcement ("ICE") officers on September 27, 2025 at a local jail after being arrested under the State of Florida's Basic Ordering Agreement program. The officers served a Form I-200 warrant of arrest and arrested Petitioner. (ECF No. 9-1 at 2.[1]) The petition alleges that Petitioner has been detained in Department of Homeland Security ("DHS") custody since January 7, 2026. (ECF No. 1 at 5.) Although the petition alleges that Petitioner that he has been living in the United States for the past sixteen years, has been following the permanent residency process, was fingerprinted, and was issued a work permit and Social Security card for tax purposes, (ECF No.

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1 at 5–6),[2] the Form I-213 submitted by Respondents states that Petitioner "has no pending petitions to U.S. Citizenship or lawful permanent resident status and has never been encountered by immigration officials before," (ECF No. 9-1 at 2).

On June 15, 2026, Petitioner filed a petition for writ of habeas corpus, raising a prolonged detention due process claim. (ECF No. 1 at 6–17.) The Court also construed the petition "as raising claims challenging Petitioner's re-detention and the statutory authority of Petitioner's detention." (ECF No. 8 at 1.) On July 8, 2026, Respondents filed a response, and Petitioner filed a traverse on July 22, 2026. (ECF Nos. 9, 10.)

**II.**

**DISCUSSION**

Respondents argue that the petition should be denied because Petitioner is "an 'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2)" and "Petitioner does not possess a right to freedom from immigration detention in any form other than the form provided by Congress." (ECF No. 9 at 2, 3.) Such arguments have been rejected by this Court in numerous previous decisions. See, e.g., Crispin M. C. v. Noem, No. 1:25-cv-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026), J.A.C.P. v. Wofford, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025), and Lepe v. Andrews, 801 F. Supp. 3d 1104 (E.D. Cal. 2025),

As Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions set forth above, the Court recommends finding that Petitioner is not detained pursuant to U.S.C. § 1225(b) and is entitled to a § 1226(a) bond hearing given that Petitioner was arrested pursuant to an administrative warrant.[3] (ECF No. 9-1 at 2.) See J.A.C.P., 2025 WL 3013328, at *8; Alvarez-Gonzalez v. Bondi, No. 1:26-CV-02188-KES-SAB (HC), 2026 WL 1234219 (E.D. Cal. May 4, 2026); Sanchez v. Warden of the Mesa Verde Det. Facility, No. 1:26-CV-02418-KES-EPG (HC), 2026 WL 1148417 (E.D. Cal. Apr. 28, 2026).

---

[2] Petitioner has not provided any documentation to support his allegations.
[3] In light of this conclusion, the Court declines to address Petitioner's prolonged detention due process claim.

## III.

## RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be GRANTED on the construed claim challenging the statutory authority for Petitioner's detention;
2. Respondents be enjoined and restrained from continuing to detain Petitioner pursuant to 8 U.S.C. § 1225(b); and
3. Respondents be directed to provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 28, 2026**

STANLEY A. BOONE
United States Magistrate Judge